Bryan J. Brockington, Esq.
bbrockington@mandellawfirm.com
THE MANDEL LAW FIRM
370 Lexington Avenue
New York, New York 10017
Telephone: (212)697-7383
Facsimile: (212) 682-6157
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAINI OTTO,

                        *Plaintiff,*                         CIV. NO.

                                                  JURY TRIAL DEMANDED

     -against-

NIELSEN HOLDINGS, INC., MARK KILFOIL and
DAVID FAULKNOR,

                        *Defendants.*
-----------------------------------------------------------------X

## COMPLAINT

This is a case about a young woman who recently moved to New York City where she found a job with a well-known company, who was then sexually assaulted and harassed by her supervisor, and the senior employee present did nothing to stop it.

Plaintiff, MS. OTTO, ("MS. OTTO" or "PLAINTIFF"), by and through her attorneys, The Mandel Law Firm, as and for her complaint against defendants NIELSEN HOLDINGS, INC., ("NIELSON"), MR. KILFOIL ("MR. KILFOIL") and DAVID FAULKNOR, ("MR. FAULKNOR"), alleges as follows upon knowledge with respect to herself and her own acts upon information and belief as to all other matters:

### PARTIES

1.    MS. OTTO is a citizen and resident of the State of New York and resides in New York County.

2. Defendant, NIELSEN upon information and belief, is a corporation organized and existing under the laws of the State of New York. Its principal place of business is located at 675 6th Avenue New York, New York.

3. Defendant, MR. KILFOIL, was an employee of Defendant NIELSEN, and was and is a citizen of Canada in the province of Nova Scotia.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1343(a)(1) and 28 U.S.C. §1332(a)(2), because Plaintiff asserts civil rights claims against Defendants under federal law, specifically the 29 C.F.R. § 1604.11. This court has supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367.

5. Defendants are subject to the personal jurisdiction of this Court because they are located within the Southern District of New York, transact business within the Southern District of New York.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## BACKGROUND

7. MS. OTTO was employed by the defendant NIELSEN on November, 2021 as a Program Manager.

8. Plaintiff received good evaluations, and was generally advised by superiors that she was doing a good job.

9. In May of, 2022, plaintiff was tasked with planning events for a three-day summit for NIELSEN employees scheduled to take place from May 2 through May 5, 2022. The summit included employees from all over the world, but primarily from the United States and Canada.

10. A happy-hour event was scheduled for May 4, 2022 from 6:00PM to 9:30PM at the Sand Bar Restaurant, located on the Roof Top of Hilton Hotel located at 152 W. 26th Street, New York, NY 10001. MR. KILFOIL was present at the happy hour and it was the second time he met MS. OTTO in

person, the first time being the previous day May 3, 2022 at the NIELSEN offices in New York. There were approximately 25 employees at the NIELSEN sponsored happy-hour event.

11. While at the Sand Bar, defendant MR. KILFOIL, a superior of MS. OTTO, engaged in a pattern of sexual banter, flirtation, innuendo, comments, jokes, requests, and other forms of behavior, creating a polluted and hostile atmosphere.

12. MS. OTTO, at approximately 9:45PM put on her jacket and gathered her belongings and was preparing to leave the Sand Bar when MR. KILFOIL and MR. FAULKNOR, the most senior NEILSEN employee present at the event, pressured plaintiff to stay and to continue drinking with them, even though by that time most of the employees had left the event.

13. At approximately 10:00PM MR. KILFOIL followed MS. OTTO, to an isolated section of the Sand Bar, where he attempted to kiss her on the mouth.

14. MS. OTTO, at approximately 10:15PM, again prepared to leave the Sand Bar, but was again pressured by MR. KILFOIL and MR. FAULKNOR to attended Sid Golds Bar across the street from the Sand Bar with approximately six other employees.

15. MR. KILFOIL escorted MS. OTTO into Sid Golds and took seat at the bar next to her while MR. FAULKNOR sat on the opposite side of her.

16. MR. KILFOIL ordered plaintiff an alcoholic drink and then began talking directly into her left ear wherein he began repeating over and over again, "I want to fuck you."

17. Other NEILSON employees seeing the expression on MS. OTTO's face, came over and advised her that she should leave, at which point an employee loaned her a NEILSON corporate card to pay for a cab to go home.

18. MR. FAULKNOR, who was seated directly next to plaintiff, did not at anytime intervene.

19. As a result of the wrongful acts committed by defendants NEILSON, MR. KILFOIL and MR. FAULKNOR, plaintiff MS. OTTO was subjected to sexual abuse as defined by New York Penal Code Article 130 as a result of being placed into a position of weakness and vulnerability.

## FIRST CAUSE OF ACTION AGAINST NEILSON
### (Negligent Hiring)

20. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

21. At all times alleged herein, MR. KILFOIL and MR. FAULKNOR were employees of NEILSON, and were in an employer-employee relationship with NEILSON.

22. Defendant NEILSON owed all its employees, including MS. OTTO, a duty of care to perform the requisite screening of staff in order to hire competent and morally fit employees.

23. NEILSON owed its employees, including MS. OTTO, a duty of care to perform screening of staff in order hire employees who were competent and morally fit to work at NEILSON.

24. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR as set forth above were committed in connection with NEILSON functions and events.

25. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe emotional harm to MS. OTTO that continues to this day.

26. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent hiring of the staff of NEILSON.

## SECOND CAUSE OF ACTION AGAINST NEILSON
### (Negligent Training)

27. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

28. NEILSON owed its employees, including MS. OTTO, a duty of care to train staff members to ensure that those staff members were competent and morally fit to work in close proximity to other employees.

29. NEILSON, a for profit company should have known that a failure to do so would result in the sexual abuse of employees, including the sexual abuse of MS. OTTO, as set forth above.

30. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe emotional harm to MS. OTTO that continues to this day.

31. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe physical and emotional harm to MS. OTTO that continue to this day.

32. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial resulting from its negligent training of the faculty and staff of NEILSON.

## THIRD CAUSE OF ACTION AGAINST NEILSON
### (Negligent Supervision)

33. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

34. NEILSON owed its employees, including MS. OTTO, a duty of care to properly supervise its staff to safeguard its employees from sexual abuse.

35. NEILSON, a for profit company should have known that a failure to do so would result in the sexual abuse of employees, including the sexual abuse of MS. OTTO, as set forth above.

36. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe emotional harm to MS. OTTO that continues to this day.

37. The wrongful acts committed by MR. KILFOIL and MR. FAULKNOR, as set forth above, were the proximate cause of severe physical and emotional harm to MS. OTTO that continue to this day.

38. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial resulting from its negligent supervision of the faculty and staff of NEILSON.

## FOURTH CAUSE OF ACTION AGAINST NEILSON
### (Negligence)

39. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

40. NEILSON owed its employees, including MS. OTTO, a duty of care to ensure that its faculty was competent and morally fit to work with others.

41. NEILSON owed its employees, including MS. OTTO, a duty of care to ensure its staff members were competent and morally fit to work in close proximity to its minor employees.

42. The wrongful acts committed by the staff of NEILSON, as set forth above were committed in connection with company functions and events.

43. The wrongful acts committed by the staff of NEILSON, as set forth above were the proximate cause of severe psychological and emotional harm to MS. OTTO that continues to this day.

44. Based on the foregoing, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent failure to safeguard MS. OTTO from sexual abuse committed by the staff of NEILSON.

## FIFTH CAUSE OF ACTION AGAINST NEILSON, MARK KILFOIL AND DAVID FAULKNOR
### (Negligent Infliction of Emotional Distress)

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth at length herein.

46. In failing to prevent the acts of sexual abuse of MS. OTTO committed by its staff, including MR. KILFOIL and MR. FAULKNOR, NEILSON acted in blatant disregard of the high degree of probability of the severe emotional distress and psychological l harm that MS. OTTO would directly suffer.

47. The failure of NEILSON to safeguard MS. OTTO from sexual abuse committed by the staff of NEILSON was outrageous and extreme as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community.

48. The failure of NEILSON to safeguard MS. OTTO from sexual abuse committed by the staff of NEILSON proximately caused MS. OTTO to directly suffer severe physical harm and emotional distress.

49. Based on the above, NEILSON is liable to MS. OTTO for compensatory and punitive damages in an amount to be determined at trial as a result of its negligent infliction of emotional distress.

**WHEREFORE**, Plaintiff, MS. OTTO, demands the following relief against Defendants jointly and severally:

A. Compensatory damages in an amount to be determined by jury at the time of trial;

B. Punitive damages in an amount to be determined by jury at the time of trial;

C. Attorneys' fees, costs and interest; and

D. Such other and further relief as this Court deems just and proper.

Dated: February 3, 2023

Respectfully submitted

Bryan J. Brockington, Esq.
bbrockington@mandellawfirm.com
THE MANDEL LAW FIRM
370 Lexington Avenue
New York, New York 10017
Telephone: (212)697-7383
Facsimile: (212) 682-6157

*Attorneys for Plaintiff*